IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALEJANDRA MADRIGAL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 19-2429-JWL** |
| ) | |
| **KILOLO KIJAKAZI,**[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 23) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b).   Plaintiff's motion is GRANTED IN PART, approving a fee in the amount of $26,314.83 pursuant to the Social Security Act.

**I.      Background**

Plaintiff filed a Complaint in this court on July 24, 2019, seeking judicial review of a decision of the Commissioner of the Social Security Administration.   (Doc 1).

---

[1] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.   In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

The Commissioner made an unopposed motion for remand pursuant to sentence four of 42 U.S.C. § 405(g), which the court granted, and judgment was entered on March 9, 2020. (Docs. 18, 19). The Commissioner issued a Notice of Award of disability benefits to Plaintiff on May 23, 2021 (Pl. Mot., Attach. 1), of continuing monthly child's benefits to one child on August 21, 2021, id. Attach 2; and of monthly child's benefit for December 2018 through May 2019 for a second child on August 25, 2021. Id. Attach 3. Plaintiff now seeks award of attorney fees of $28,487 pursuant to § 206(b) of the Social Security Act. (Pl. Mot. 1, 8).

## II.	Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,  . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case.  Where there is a contingency-fee agreement between Plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness.  Gisbrecht, 535 U.S. at 807-08.  In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case.  Id. 535 U.S. at 808.  The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate.  Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010).  It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'"  Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808).   The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors.   Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.").   The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision was 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.'"   Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The court notes how courts in this district have performed the analysis in past years.   Russell v. Astrue, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an award of fees which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested—$611); Kotchavar v. Comm'r of Soc. Sec. Admin., Civil Action No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); Tacey v. Berryhill, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams v. Berryhill, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018)

(affirming fee request resulting in an effective rate of $286.99 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v. Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (affirming fee request resulting in an effective rate of $400.07 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Schoonover v. Colvin, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and reducing award to result in hourly rate of $400); Duff v. Colvin, Case No. 13-CV-02466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); Roland v. Colvin, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); Bryant v. Colvin, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $418.28); Smith v. Astrue, No. 04-2196-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district).   As Plaintiff points out, this court recently approved a 406(b) contingent attorney fee at an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82. Gardipee v. Saul, Case No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021).

**III.   Discussion**

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits and the past due benefits of her children, or $28,487.   She included a

copy of the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25 percent of all past due "benefits going to me and my family." (Pl. Mot., Attach. 4). Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 35.75 hours expended. Id., Attach. 5. Counsel asserted that she "has a primarily contingent fee practice, but for uncomplicated, non-contingent fee matters, counsel's hourly rate is $450-500 per hour." (Pl. Mot. 5).

Plaintiff's counsel lists several factors justifying the award requested. The contingent nature of this case and other Social Security cases handled by counsel involves accepting the risk of no fee in those cases where benefits are denied, and Social Security "claimants ultimately prevail in only about 36% of cases appealed to the federal courts." Id. at 8. The EAJA fee received by counsel will be returned to Plaintiff, reducing Plaintiff's out of pocket cost for fees. Counsel argues that an award of the full fee requested would result in an effective hourly rate of $797 and that when the EAJA fee is returned to Plaintiff, her out-of-pocket cost would be $599 per attorney hour.

The Commissioner submitted a response to Plaintiff's Motion noting she "has no objection to the petition in this case." (Doc. 24, 1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel for the plaintiff and the Commissioner's response and makes the following findings. Plaintiff has not met her burden to prove that award of the full 25 percent of past due benefits is reasonable in the circumstances present here.

The court notes that counsel achieved a good result for Plaintiff in this case. It recognizes that the contingent nature of the fee justifies a fee award which is higher than the normal hourly rate charged by practitioners when the claimant prevails to encourage practitioners to take such cases and to provide for cases which are not successful. Moreover, this court notes that in <u>Gardipee</u> it was directed to evidence from the Social Security Administration tending to support, at least through 2012, a multiplier near 2.8 in contingent fee cases.   2021 WL 826206 *3.

In this case, counsel seeks an award of 25% of past due benefits for Plaintiff and for both her children.   However, one of the children, Leslie, apparently reached majority in May or June 2019.   (Pl. Mot., Attach. 3).   Therefore, benefits were awarded only between December 2018 and May 2019.   <u>Id.</u>   Leslie's Notice of Award stated benefits stopped because Leslie was not an elementary or secondary school student and was not disabled.   <u>Id.</u>   The record contains no fee agreement signed by Leslie.   The fee agreement included with Plaintiff's motion was signed only by Plaintiff on July 18, 2019 when Leslie was apparently no longer a minor and when Plaintiff had no apparent authority to bind Leslie to the terms of the agreement. (Pl. Mot., Attach. 4).   Counsel did not address this ambiguity in her motion or explain why Leslie's benefits should be subject to retention to pay counsel's fee.   For this reason, the court finds it unreasonable to award 25% of Leslie's past due benefits as part of the 406(b) attorney fee in this case.

The court notes that 25% of Plaintiff's past due benefits withheld by the Social Security Administration was $22,487.00 (Pl. Mot., Attach. 1, p.2) and 25% of past due

benefits withheld for Plaintiff's minor son was $3,827.83.  Id. (Attach. 2, p.2). Therefore, the court finds that an attorney fee of $26,314.83 is a reasonable fee in this case.  This fee results in an hourly rate of compensation in this case of $736.07, and using a multiplier (divisor) of 2.8 would result in an equivalent hourly rate of almost $263 in an equivalent noncontingent case.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the Commissioner shall pay Plaintiff's counsel the sum of $26,314.83 from the past due benefits of Plaintiff and of her minor son.   Because the amount awarded as an attorney fee under the EAJA was less than the amount awarded under the Social Security Act, the EAJA attorney fee award totaling $7,078.00, shall be refunded to plaintiff.

Dated October 19, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**